1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LIZZIE McCAIN,                    No. CIV.S-05-0252 DFL DAD PS

12           Plaintiff,

13      v.                            FINDINGS AND RECOMMENDATIONS

14   ONIKA E. McGRIFF,
     et al.,

15

16           Defendants.
     _____/

17           Plaintiff Lizzie McCain is proceeding in this action pro se

18   and in forma pauperis pursuant to 28 U.S.C. § 1915.  The matter was

19   referred to a United States Magistrate Judge by Local Rule 72-

20   302(c)(21) pursuant to 28 U.S.C. § 636(b)(1).

21           By order filed October 20, 2005, plaintiff's complaint was

22   dismissed and twenty days leave to amend was granted.  Plaintiff has

23   timely filed an amended complaint.

24           The somewhat difficult to decipher amended complaint

25   indicates that plaintiff is attempting to pursue a housing

26   discrimination action against an apartment complex, Deliverance

1

1   Temple Apartments, and its management.  However, the amended

2   complaint alleges that the parties are located in Contra Costa

3   County, which is within the Northern District of California, and that

4   all of the events giving rise to this action occurred there.  (See

5   Am. Compl. paras. 2, 4 & 5.)  Therefore, "a substantial part of the

6   events or omissions giving rise to the claim occurred" in the

7   Northern District.  See 28 U.S.C. § 1391(b)(2).

8           A district court may dismiss any civil action filed in the

9   wrong district, or if it be in the interest of justice, transfer the

10  case to the correct district.  See 28 U.S.C. § 1406(a); Oaks of

11  Woodlake Phase III, Ltd. v. Hall, Bayoutree Assocs., Ltd. (In re

12  Hall, Bayoutree, Assocs., Ltd.), 939 F.2d 802, 805 (9th Cir. 1991).

13  The undersigned will recommend that this action be dismissed, as

14  opposed to transferred, for several reasons.  First, while the

15  initial complaint listed Lizzie McCain as the sole plaintiff in this

16  action, the amended complaint purports to add numerous other

17  plaintiffs, including Lizzie McCain's husband, children and

18  grandchildren.  However, none of these other plaintiffs have signed

19  the complaint and a pro se litigant such as Ms. McCain cannot

20  represent another pro se litigant.  Further, to the extent that any

21  of the family members are minors, Ms. McCain has not taken the

22  necessary steps to be appointed guardian ad litem so that she may

23  proceed on their behalf.

24          Additionally, the amended complaint, while making several

25  general references to discrimination based on race, color, marital

26  status and family status, repeatedly alleges that defendants have

1  violated numerous provisions of the California Civil and Government

2  Codes with respect to housing.  Breach of contract and intentional

3  infliction of emotion distress also are alleged.  No violation of

4  federal law is alleged.  Therefore, it appears that this action is

5  more properly pursued in state court.

6           Finally, the events alleged in the complaint occurred

7  during 2000 and 2001.  Thus, to the extent plaintiff is attempting to

8  bring an action under the federal Fair Housing Act, this action,

9  which was initiated with the filing of the complaint on February 8,

10 2005, would appear to be untimely in light of the applicable two-year

11 statute of limitations.  See 42 U.S.C. § 3613(a)(1)(A).

12          For all of these reasons, it would not be in the interest

13 of justice to transfer this action to the Northern District.  Rather,

14 IT IS HEREBY RECOMMENDED that this action be dismissed without

15 prejudice.

16          These findings and recommendations are submitted to the

17 United States District Judge assigned to the case, pursuant to the

18 provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after

19 being served with these findings and recommendations, plaintiff may

20 file written objections with the court.  Such a document should be

21 captioned "Objections to Magistrate Judge's Findings and

22 Recommendations."  Plaintiff is advised that failure to file

23 objections within the specified time may waive the right to appeal

24 /////

25 /////

26 /////

1   the District Court's order.   See Martinez v. Ylst, 951 F.2d 1153 (9th

2   Cir. 1991).

3   DATED: November 7, 2005.

4

5                                        DALE A. DRCZD
                                         UNITED STATES MAGISTRATE JUDGE
6

7   DAD:th
    Ddadl\orders.prose\mcgriff0252.f&r
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4